# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**APRIL LESHER,**
**Claimant Below, Petitioner**

**FILED**

December 19, 2017
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0033** (BOR Appeal No. 2051449)
                    (Claim No. 2015018922)

**BEAVER FAMILY CLINIC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner April Lesher, by Reginald D. Henry her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Beaver Family Clinic, by Katherine H. Arritt its attorney, filed a timely response.

The issues on appeal are whether herniated disc and disc bulge should be held as compensable components of the claim, and whether additional temporary total disability benefits should be granted from December 9, 2014, through April 7, 2015, and thereafter as substantiated by proper medical evidence. This appeal originated from two separate claims administrator's decisions dated December 9, 2014, and February 5, 2015, which closed the claim for temporary total disability benefits and denied the request to add herniated disc and disc bulge as compensable components of the claim, respectively. In its July 21, 2016, Order, the Workers' Compensation Office of Judges affirmed the decisions. The Board of Review's Final Order dated December 16, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

April Lesher, an office clerk, was injured in the course of her employment on November 12, 2013, when her chair broke as she sat down, causing her to fall to the floor and injure her low

1

back and right hip. Ms. Lesher was treated by Angela Presley, FNP. Ms. Presley diagnosed sprain/strain of the right hip, pain in the lower leg joint, and backache. X-rays of Ms. Lesher's lumbar spine and right hip were taken on November 12, 2013. The x-ray of the spine revealed degenerative disc disease and joint disease, most pronounced at L4-5 and L5-S1. There was no evidence of acute fracture or subluxation. The x-ray of the right hip revealed no evidence of acute injury. On December 9, 2013, the claims administrator held the claim compensable for sprain/strain of the right hip; unspecified backache; and pain in joint, lower leg. The claims administrator also stated that Ms. Lesher was not eligible for temporary total disability benefits as she had not missed more than three days of work related to the injury.

Ms. Lesher was treated for her compensable injuries by Syed Zahir, M.D. On December 17, 2013, Dr. Zahir's physical examination revealed tenderness to the entire lumbosacral area in the paralumbar muscles. Lumbar range of motion was significantly restricted. There was normal sensation and motor strength in both lower extremities. Dr. Zahir's clinical impression was lumbosacral pain, possible herniated disc at L4-5 and L5-S1, bilateral radiculitis, hypertension, and depression. Dr. Zahir recommended Tramadol, physical therapy, and an MRI of the low back.

Ms. Lesher underwent an MRI of the low back on March 26, 2014. The impression was left disc herniation with extension of herniated disc material at L3-4, a broad-based, left-sided disc bulge at L4-5, disc herniation at L3-4 and L4-5, and osteoarthritic lumbar degenerative disease. After reviewing the MRI, Dr. Zahir requested authorization for Ms. Lesher to be seen at a pain clinic and requested epidural blocks and a second opinion from a neurosurgeon.

On April 23, 2014, Ms. Lesher underwent an independent medical evaluation performed by Prasadarao Mukkamala, M.D. Physical examination revealed vertebral tenderness in the midline of the low back and tenderness over the sacroiliac joint on the right side. Sensory examination of the lower extremities revealed some diminution of sensation in the right lower extremity in a non-anatomical pattern. Range of motion measurements of the lumbar spine were limited by pain and did not meet the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) validity criteria. Dr. Mukkamala concluded that Ms. Lesher's compensable injury had resulted in a lumbar sprain. He opined that the L3-4 disc herniation and lumbar degenerative changes seen on imaging studies most likely pre-dated the compensable injury. He further noted, however, that the L3-4 disc herniation was apparently asymptomatic prior to the compensable injury. Dr. Mukkamala found that Ms. Lesher had failed conservative management and recommended a referral to a neurosurgeon. He opined that Ms. Lesher had not yet reached maximum medical improvement.

Ms. Lesher continued to see Dr. Zahir from May 6, 2014, through June 26, 2014, for complaints of back pain radiating into her right leg. His clinical impression remained herniated discs at L3-4, L4-5, and L5-S1. On June 30, 2014, Ms. Lesher was evaluated by neurosurgeon Robert Crow, M.D. Dr. Crow reviewed Ms. Lesher's prior MRI and found no evidence of acute change. Dr. Crow's impression was lumbar spondylosis and lumbar pain. Ms. Lesher continued to treat with Dr. Zahir through November 7, 2014. Dr. Zahir requested authorization for a quad cane and expanded his impression to include chronic leg pain and bilateral radiculitis.

On November 21, 2014, Ms. Lesher was re-evaluated by Dr. Mukkamala, who concluded that the compensable injury had resulted in a lumbar and right hip sprain. He found that Ms. Lesher had reached maximum medical improvement and was in need of no further treatment regarding her compensable conditions. Dr. Mukkamala opined that Ms. Lesher was capable of returning to her pre-injury sedentary level job without restrictions. Ms. Lesher subsequently continued to see Dr. Zahir for complaints of pain and on January 21, 2015, Dr. Zahir completed a Diagnosis Update requesting that herniated disc and disc bulge be added as compensable diagnoses in the claim. In support of the request, Dr. Zahir indicated that imaging studies revealed a herniated and bulging lumbar disc.

Ms. Lesher underwent an independent medical evaluation performed by Marsha Bailey, M.D., on March 29, 2015. Dr. Bailey reviewed Ms. Lesher's significant history of pre-existing low back pain. Regarding her past medical history, Ms. Lesher reported that she started experiencing severe lower back pain that radiated into her right buttock and right leg in 2005. She was diagnosed with sciatica and underwent sacroiliac joint injections once every two months through 2008. Ms. Lesher was also prescribed pain medication and muscle relaxers. Dr. Bailey also reviewed medical records from October 4, 2012, through July 29, 2013. During that time, Ms. Lesher was treated for chronic low back pain with radiculopathy and hip pain which, notably, are the identical symptoms and diagnoses that were present following her compensable injury. Dr. Bailey noted that on July 29, 2013, just three and a half months prior to the compensable injury, Ms. Lesher was treated for a chief complaint of lower back pain with radiation into both legs.

Upon examination, Dr. Bailey diagnosed Ms. Lesher with chronic lower back pain without true lumbar radiculopathy. Dr. Bailey noted that the MRI taken of the lumbar spine on March 26, 2014, revealed no evidence of an acute injury-related, right-sided herniated disc. She opined the left-sided disc herniation at L3-4 and the left-sided disc bulge at L4-5 seen on the MRI were degenerative in nature and not the result of the compensable injury. Dr. Bailey concluded that the compensable injury resulted in nothing more than a simple sprain and contusion injury to the low back. She opined that the compensable sprain and contusion injuries had long since resolved and were no longer responsible for Ms. Lesher's ongoing back and right lower extremity complaints. Dr. Bailey found Ms. Lesher had reached maximum medical improvement and needed no further treatment.

On August 27, 2015, Ms. Lesher testified in a hearing before the Office of Judges regarding her November 12, 2013, injury. Ms. Lesher continued working until April of 2014, when she quit because she was unable to tolerate more than five to ten minutes of traction. Ms. Lesher stated that she was treated by Dr. Zahir until March of 2015 and that she was not scheduled for any follow-up appointments. Ms. Lesher testified that she did not have any injuries to her low back or right hip prior to the compensable injury. She stated that she did receive treatment for sciatica around 2010 or 2011. Ms. Lesher described her current symptoms as low back pain with burning, numbness, and tingling in the right leg. She reported swelling in her right foot. Ms. Lesher testified that she could only sit for thirty minutes at a time and stand for about ten minutes. She reported she could only walk about one hundred feet. Ms. Lesher did not

believe she could return to her pre-injury job because it required her to get up and down on a frequent basis.

On July 21, 2016, the Office of Judges affirmed the claims administrator's decisions denying the request to add herniated disc and disc bulge as compensable conditions in the claim and closing the claim for temporary total disability benefits. The Office of Judges concluded that based upon the evidence of record, the requested diagnoses pre-dated and are not causally related to the compensable injury. While there is imaging evidence of the diagnoses, those findings were associated with disc degeneration that was shown on the March 26, 2014, MRI report. With the exception of Dr. Zahir, every medical evaluator of record opined that the disc pathology seen at the L3-4 and the L4-5 levels was related to a pre-existing degenerative condition. Dr. Crow reviewed the aforementioned MRI and found no evidence of acute pathology in the lumbar spine. Dr. Crow's impression was lumbar spondylosis and back pain. Additionally, Dr. Mukkamala and Dr. Bailey opined that Ms. Lesher's disc pathology was degenerative in nature and pre-dated the compensable injury.

The Office of Judges further noted that Ms. Lesher was treated for symptoms of low back pain and bilateral lumbar radiculopathy prior to the compensable injury. Medical records indicate that Ms. Lesher received treatment for her low back from 2005 through 2008 and then again from October of 2012 through July of 2013. The symptoms reported by Ms. Lesher prior to the compensable injury are identical to the symptoms she has continued to report after the compensable injury. The Office of Judges determined that Ms. Lesher's pre-existing conditions support a finding that the requested diagnoses are not related to the compensable injury. The Office of Judges also noted that Dr. Zahir, the only medical professional opining that Ms. Lesher's symptoms are related to the compensable injury, seemed to be unaware of her prior pre-existing conditions as they were never mentioned in his medical reports. In fact, Dr. Zahir stated in one progress note that Ms. Lesher had never had any back problems in the past. Therefore, the Office of Judges found that Dr. Zahir's findings and conclusions, including his request to add herniated and bulging disc as compensable conditions in the claim, are based upon the mistaken belief that Ms. Lesher's low back was completely asymptomatic prior to the compensable injury.

Regarding the matter of temporary total disability benefits, the Office of Judges noted that these benefits are terminated at the earlier of either the claimant reaching maximum medical improvement, the claimant being released to work, or the claimant returning to work. The only compensable conditions in the claim are a lumbar sprain and right hip sprain. According to West Virginia Code of State Rules § 85-20-37.5 (2006), the estimated duration of care for a lumbar sprain should not exceed eight weeks. Dr. Mukkamala found Ms. Lesher was at her maximum medical improvement as of November 21, 2014, more than one year after the compensable injury. Dr. Bailey also opined that Ms. Lesher had reached maximum medical improvement. The Office of Judges concluded that Ms. Lesher failed to prove by a preponderance of the evidence that the requested diagnoses of herniated disc and disc bulge were related to the compensable injury. Ms. Lesher had been found to have reached maximum medical improvement and thus was not entitled to temporary total disability benefits. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 16, 2016.

4

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Lesher has a significant history of pre-existing conditions with symptoms identical to those reported after the compensable injury. Drs. Mukkamala and Bailey have opined that the current symptoms are related to Ms. Lesher's pre-existing degenerative conditions and that Ms. Lesher has reached maximum medical improvement regarding the compensable injury. We find their opinions to be persuasive.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 19, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker